**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4101**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

HENRY LEE HARRIS, a/k/a Henry Fletcher Peterson,

                    Defendant – Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Richard L. Voorhees, District Judge.  (3:04-cr-00166-RLV-CH-1)

Submitted:  April 21, 2009            Decided:  June 12, 2009

Before WILKINSON, TRAXLER, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sandra J. Barrett, Asheville, North Carolina, for Appellant. Gretchen C. F. Shappert, United States Attorney, Charlotte, North Carolina; Amy E. Ray, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Henry Lee Harris appeals his conviction for possession of ammunition by a person previously convicted of a felony, contending that the district court erred by refusing to instruct the jury on his defense of innocent possession. He also appeals his 180-month sentence, arguing that the district court should have departed significantly downward from the applicable guideline range based on his taking possession of the ammunition for the purpose of avoiding greater harm. Finding no error, we affirm Harris' conviction and sentence.

During a consent search, a box of ammunition was discovered on the headboard of the bed in Harris' girlfriend's bedroom. Harris presented evidence that he had found the ammunition on the ground in front of the apartment, brought the box into the apartment, and asked his girlfriend to dispose of it so that kids would not get to it. He requested that the court instruct the jury that innocent possession was a defense to the charge of possession of ammunition by a convicted felon. The district court denied the request, finding that Harris' requested charge was included in the charge on the element of "knowingly" and that Harris did not qualify for such an instruction because he did not make a sufficient showing of effort to get the ammunition out of his possession.

2

In a case decided after Harris' conviction, this court held that the text of 21 U.S.C. § 922(g)(1) (2006) "simply does not allow for the [innocent possession] exception." United States v. Gilbert, 430 F.3d 215, 218 (4th Cir. 2005).[*] The court stated: "We find such a defense to be wholly absent from the statutory text and decline to subvert the congressional scheme by imposing a judicially crafted exception. We moreover conclude that even if the defense did exist, it would not apply to the facts of this case." We find that the same rationale applies in this case.

Harris argues that the Due Process Clause and United States v. Dixon, 548 U.S. 1 (2006), require that federal courts allow the use of common law defenses to which defendants are entitled, and he contends that innocent possession is one such common law defense. Even if this was an available defense, we find that the district court properly refused the instruction because Harris failed to qualify for such a defense by not making an effort to dispose of the ammunition in an expedient manner. Harris gave the ammunition to his girlfriend. It then remained in the bedroom for at least a day before the officers discovered it during the consent search. We find that, even if

---

[*] Harris was convicted in May 2005. The Gilbert decision issued on November 28, 2005.

3

the court were to recognize an innocent possession defense, Harris would not qualify. Therefore, the district court did not abuse its discretion by refusing to give the requested instruction. United States v. Stotts, 113 F.3d 493, 496 (4th Cir. 1997).

Harris also argues that the district court improperly applied the sentencing factors in determining an appropriate sentence. He asserts that the court should have granted him a significant downward departure based on the innocent reason he had for possessing the ammunition. We review sentences imposed by district courts for reasonableness, applying an abuse of discretion standard. Gall v. United States, 128 S. Ct. 586, 597 (2007); see United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). When sentencing a defendant, a district court must: (1) properly calculate the guideline range; (2) treat the guidelines as advisory; (3) consider the factors set out in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2008); and (4) explain its reasons for selecting a sentence. Pauley, 511 F.3d at 473. We presume that a sentence within the properly calculated sentencing guidelines range is reasonable. United States v. Allen, 491 F.3d 178, 193 (4th Cir. 2007); see also Rita v. United States, 127 S. Ct. 2456, 2462-69 (2007) (upholding application of rebuttable presumption of correctness of within guideline sentence).

4

The district court followed the necessary steps in sentencing Harris. The district court properly determined that the advisory guideline range applicable to Harris was 210 to 262 months imprisonment. The court then properly considered the guideline range and the § 3553(a) factors to fashion an appropriate sentence. After finding that Harris' possession of the ammunition was "done to avoid a greater harm to leaving the ammunition out where children could be injured or otherwise harmed by it," the court departed downward from the guidelines range under U.S. Sentencing Guidelines Manual § 5K2.11 (2007), and imposed a sentence of 180 months. The court clarified that this thirty-month reduction was "slightly more than a one-level reduction" and that Harris was more deserving of that reduction than others "because of the circumstances concerning his motivation for handling the ammunition, and the fact that the charges were not brought in the context of any apparent real or contemplated use of the firearms found at the house." We find that the sentence imposed was reasonable and that the district court did not abuse its discretion in sentencing Harris. Rita, 127 S. Ct. at 2462-69.

Having reviewed the issues asserted on appeal and finding no error, we affirm Harris' conviction and sentence. We dispense with oral argument because the facts and legal

5

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED